NO. 07-05-0172-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 16, 2005

______________________________

DOUGLAS ANDERSON SUPERNAW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 107377; HONORABLE PAMELA COOK SIRMON, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant Douglas Anderson Supernaw filed a notice of appeal from a judgment of conviction rendered against him by the Potter County Court at Law No. 2.  We dismiss the appeal for want of prosecution. 

Appellant filed his notice of appeal May 18, 2005.  The clerk’s record was due no later than July 5, 2005.  
See
 Tex. R. App. P. 35.2.  In response to a request from the trial court clerk, the date for filing the clerk’s record was extended to July 25, 2005, and extended a second time to September 9, 2005, due to appellant’s failure to pay the cost of the clerk’s record.  The date for filing the reporter’s record was extended on the request of the court reporter to August 5, 2005, then to September 9, 2005 for the same reason.  The court reporter has attached to her requests for extension of time an order of the trial court denying appellant’s request for preparation of a reporter’s record without cost.  The court has also received a copy of a May 25, 2005 order permitting withdrawal of appellant’s counsel.  That order contains a notation by the trial court that appellant had not requested appointment of counsel or filed an affidavit of indigence.  
See
 Tex. R. App. P. 20.2.

In a letter dated July 26, 2005, this court directed counsel to certify on or before August 15, 2005, whether appellant had requested preparation of the clerk’s record and had paid the clerk’s fee, made arrangements to pay the fee or was entitled to appeal without payment of the fee.  
See
 Tex. R. App. P. 35.3(a)(2). Our letter informed appellant the failure to respond as directed could result in dismissal of the appeal.  
See
 Tex. R. App. P. 37.3(b).

A second letter dated August 10, 2005, to both appellant and his counsel directed  appellant to certify, on or before August 15, 2005, whether appellant had requested preparation of the  record.  
See
 Tex. R. App. P. 34.6(b)(1).  We have received no response to either letter. The trial court clerk has filed a third request for extension, indicating that appellant still has not paid or made arrangements to pay for the record.  

The trial court clerk has not filed the clerk’s record because of appellant’s failure to pay, or make arrangements to pay, the clerk’s fee.  The information before the court indicates appellant is not entitled to proceed without payment of costs because he has not filed an affidavit of indigence. 
See
 Tex. R. App. P. 20.2.  Accordingly, pursuant to Rule of Appellate Procedure 37.3(b), we dismiss the appeal for want of prosecution.

James T. Campbell

        Justice

Do not publish.